UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual; and TIFFANY DOE, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>EL DORADO UNION HIGH SCHOOL DISTRICT; CHAS PRIOR, Individually; STEPHEN WEHR, Individually; TONY DEVILLE, Individually; TARA GRUDIN, Individually; JUSTIN GATLING, Individually; and DOES 1 THROUGH 20,<br><br>Defendants. | No. 2:18-cv-02576-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS** |

Jane Doe and Tiffany Doe (collectively "Plaintiffs") filed a complaint against El Dorado Union High School District, and individual Defendants Chas Prior, Stephen Wehr, Tony Deville, Tara Grudin, and Justin Gatling (collectively "Defendants"), alleging Defendants violated Title IX and 42 U.S.C. § 1983, by failing to redress a hostile educational environment after Plaintiffs were sexually assaulted at El Dorado High School ("EDHS."). Compl., ECF No. 1, ¶¶ 1,4-5. Currently before this

1

Court is Defendants' motion for judgment on the pleadings. Mot. for Judgment on the Pleadings ("Mot."), ECF No. 35-1. In this Motion, Defendants only seek judgment on the Title IX claims and section 1983 claims asserted against the individual Defendants. Id. at 1. Plaintiffs oppose this Motion. Opp'n, ECF No. 45.[1] For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion for judgment on the pleadings.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs allege they were "repeatedly sexually harassed and sexually assaulted" by their teacher Daniel Mummy at El Dorado High School during the 2016-2017 school year. Compl. ¶ 4. Plaintiffs were both minors when the assault took place; Jane Doe and Tiffany Doe are fictitious names utilized to protect their privacy. Id.

El Dorado High School is in the El Dorado Union High School District ("School District"). Id. ¶ 4. Id. Accordingly, Plaintiffs named the School District as a defendant in this case. Id. ¶ 7. At issue in this motion are the claims against school district employees—individual Defendants Chas Prior, Stephen Wehr, Tony Deville, Tara Grudin, and Justin Gatling. Mot. at 2. Defendant Chas Prior was the El Dorado High School Principal during the school year Plaintiffs were sexually assaulted. Compl. ¶ 8. Defendants Tara Grudin and Justin Gatling were the Vice Principals. Id. ¶¶ 11-12. Defendant Stephen Wehr was the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 25, 2020.

2

Superintendent of the School District and Defendant Tony Deville was the Assistant Superintendent of Human Resources ("The Title IX Coordinator"). Id. ¶¶ 9-10.

Plaintiffs allege they were sexually assaulted by Mummy "in the classroom, hallway, doorway, and outdoor areas of the schoolyard during school hours." Compl. ¶ 36. Plaintiffs maintain that individual Defendants, Prior, Grudin and Gatling observed these actions. Id.

Mummy was convicted of sexual molestation on October 2017. Id. ¶ 56. After he was arrested, Plaintiffs "were subjected to bullying and unsympathetic conduct by teachers and students." Id. ¶¶ 57, 61-62. Plaintiffs' parents attempted to address these issues with Principal Prior and Vice Principals Grudin and Gatling, yet they "took no actions to protect or support the Plaintiffs." Id. ¶¶ 61, 64-65, 93, 95. Plaintiffs allege the other individual Defendants, School District's Superintendent Wehr and Title IX Coordinator DeVille, were also informed of the sexual harassment but failed to investigate. Id. ¶¶ 83,86,89.

Defendants seek judgment on all claims against these five individual Defendants. Mot. at 2. Plaintiffs are suing the individual Defendants for alleged violations of Title IX and Section 1983 in their individual capacities. Compl. ¶¶ 128,142,148,161.

II. OPINION

A. Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.

R. Civ. P. 12(c). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Accordingly, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). The Court can properly grant judgment on the pleadings "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id.

B. Judicial Notice

In deciding a motion for judgment on the pleadings, the Court is generally limited to the pleadings and may not consider extrinsic evidence. Shame On You Productions, Inc. v. Elizabeth Banks, 120 F. Supp. 3d 1123, 1143-44 (C.D. Cal. 2015). However, the Court may consider "documents referenced extensively in the complaint, documents that form the basis of plaintiff's claims, and matters of judicial notice, when determining whether the allegations of the complaint state a claim upon which relief can be granted." Lopez v. Regents of University of California, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013). The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

Defendants ask the Court to take judicial notice of the Complaint for Damages and Demand for Jury Trial filed on

September 18, 2018.  Defs' Req. for Judicial Notice, ECF 35-2.
Plaintiffs ask the Court to take judicial notice of Defendants'
Answer to the Complaint, ECF No. 16.  Plfs' Req. for Judicial
Notice, ECF No. 46, Exh. A.  Neither party objects to the
others' requests but both requests are unnecessary since both of
these documents are court filings of which the Court already has
knowledge.  Moreover, the Court can only take judicial notice of
the existence of these pleadings.  As noted above, for purposes
of this Motion, the Court must accept all factual allegations in
the Complaint as true.

    C.    Analysis

        1.    Title IX Individual Liability

Defendants argue Plaintiffs' First and Second claims against the individual Defendants fail as a matter of law, because Title IX does not support claims against individuals. Mot. at 3.

Title IX provides in relevant part:

> [N]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving financial assistance."

20 U.S.C. § 1681.  Whether Title IX supports individual liability claims is not well-established.  The Supreme Court has yet to directly address this question, leaving other courts divided on the issue.  Compare Doe v. Petaluma, 830 F. Supp. 1560 (N.D. Cal. 1993) (finding individuals may not be held liable under Title IX), with Mennone v. Gordon, 889

F. Supp. 53 (D. Conn. 1995) (finding Title IX does support individual claims).

Defendants ask the Court to adopt the reasoning in Petaluma. Reply at 4. In their opposition, Plaintiffs' request the Court to instead adopt the reasoning in Mennone. Opp'n at 5-6. Plaintiffs overlook however, that only five years after Mennone was decided, the District of Connecticut found its reasoning in Mennone to be flawed when confronted with the same issue. See Norris v. Norwalk Public Schools, 124 F. Supp. 2d 791, 797. Notably, the District of Connecticut found the analysis in Petaluma, to be far more persuasive than its own previous ruling. Id. at 796. While neither case is binding authority, the Court is persuaded by the reasoning in Petaluma, especially since it is consistent with statements made by the Supreme Court and the Ninth Circuit. See Davis v. Monroe County Bd. of Educ., 528 U.S. 629 (Supreme Court observed it had yet to "exten[d] damages liability under Title IX to parties outside the scope of [the government's enforcement] power." Id. at 641) and Al-Rifai v. Willows Unified School Dist., 469 Fed. Appx. 647, 649 (9th Cir. 2012) ("As Plaintiffs concede, Title IX does not create a private right of action against school officials, teachers, and other individuals who are not direct recipients of federal funding.")

In Petaluma, a student attempted to hold her principal and counselor liable under Title IX for allegedly failing to protect her from sexual harassment by another student. 830 F. Supp. at 1565, 1577. The court ultimately dismissed the

individual claims against the principal and counselor, finding that "individuals may not be held personally liable under Title IX." Id. at 1577. The court found that "[s]ince the Act prohibits discrimination against beneficiaries in programs and activities that receive federal financial assistance . . . it is the educational institution that must be sued for violations of Title IX." Id. at 1576-1577. Further, it found its conclusion was reinforced by the statutory provision for administrative enforcement, since it only refers to "actions federal agencies may take against institutions." Id. The court was likewise persuaded by the Ninth Circuit's holding that individuals may not be liable for discrimination under Title VII. Id. (citing Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993)). It found that since the "evils [these two amendments] attack are so intimately related . . . it would make little sense to interpret Title IX to permit individual liability absent clear direction from Congress." Id.

Adopting the reasoning in Petaluma, this Court finds that the five individual Defendants in this case may not be held personally liable under Title IX. The Court therefore GRANTS judgment for these Defendants on Plaintiffs' First and Second claims under Title IX, finding that they fail as a matter of law.

### 2. Eleventh Amendment Immunity

Defendants also seek judgment on Plaintiffs Third and Fourth claims for violation of section 1983, claiming they are immune

7

from liability under the Eleventh Amendment.  Mot. at 4.
Plaintiffs argue Defendants are not immune because their claims
are asserted against the individual Defendants in their
individual capacity, not in their official capacity.

Congress enacted 42 U.S.C. § 1983 to create a private cause
of action for violations of the United States Constitution.
Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978).
Local governing bodies are considered "persons" under the statute
and are therefore subject to liability under section 1983.  Id.
However, "local governing units that are considered part of the
State for Eleventh Amendment purposes" are immune from liability.
Id. at 690 n. 54.

The Eleventh Amendment to the United States Constitution
provides that "[t]he judicial power of the United States shall
not be construed to extend to any suit in law or equity,
commenced or prosecuted against one of the United States by
citizens of another state, or by citizens or subjects of any
foreign state."  U.S. Const. Amend. XI.  School districts are
considered a state agency for purposes of the Eleventh Amendment.
Belanger v. Madera Unified Sch. Dist., 963 F.2d 248 (9th Cir.
1992).  Official-capacity suits "generally represent only another
way of pleading an action against an entity of which an officer
is an agent."  Monell, 436 U.S. 690, n.55.  Since "[t]he State of
California has not waived its Eleventh Amendment immunity with
respect to claims brought under section 1983 in federal court,"
official-capacity suits against California school officials are
precluded under the Eleventh Amendment.  Brown v. Cal. Dep't of
Corr., 554 F.3d 747, 752 (9th Cir. 2009).  Personal-capacity

suits, on the other hand, are not barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991). This is so even in personal-capacity suits attempting to hold a state official liable for "actions taken in their official capacities." Id.

Plaintiffs do not dispute their suit would be barred had they sued the Defendants in their official capacities. Opp'n at 8-9. They do dispute, however, Defendants' attempt to characterize their suit as an official-capacity suit. Id. Plaintiffs maintain they are suing the individual Defendants in their individual capacity. Id. Defendants argue that while it may seem on its face that Plaintiffs have brought forth a personal-capacity suit, they are merely using a pleading device "to circumvent congressional intent" and hold the school vicariously liable for alleged violations of Title IX. Reply at 6-7. The Court disagrees.

In determining whether a suit is an individual or official capacity suit, the Court "must consider the 'essential nature' of the proceeding." Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996) (quoting Ford Motor Co. v. Dept of Treasury, 323 U.S. 459. 464 (1945)). "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Ford Motor Co., 323 at 464. However, when an action "seeks damages against [defendants] personally, the Eleventh Amendment does not restrict [plaintiffs] ability to sue in federal court." Hafer, 502 U.S. at 31.

Here, the intent of the Third and Fourth causes of action are to bring recourse on behalf of Plaintiffs against these five individual Defendants. This is made explicit in their Complaint. For example, in their Fourth cause of action, Plaintiffs allege "the individual Defendants . . . are liable for compensatory and punitive damages for their creation of an actual, particularized danger that Plaintiffs would be sexually abused by a known, sexual predator teacher, done in deliberate indifference. . . ." Compl. ¶ 157. Plaintiffs' Complaint shows that they seek redress for the emotional and psychological damages they allegedly suffered from the harassment fostered by the deliberate indifference of these individually named Defendants. Compl ¶¶ 153, 164.

Defendants' contention that Plaintiffs' allegation that "individual defendants were acting within the course and scope of their employment," Compl. ¶ 13, is "clearly an attempt to hold the School District vicariously liable." is without merit. Reply at 7-8. It is well-established that "state officers [are not immune under the Eleventh Amendment] from personal liability under section 1983 solely by virtue of the "official" nature of their acts." Hafer, 502 U.S. at 31. Thus, that the individual Defendants "acted pursuant to their respective capacities, or 'under color of state law'" does not imply they are being sued in their official capacities. Opp'n at 11.

The Court finds that Plaintiffs have made clear the "essential nature" of their Third and Fourth Claims as personal capacity claims. Id. The Court therefore need not address Plaintiffs' argument regarding Defendants' Answer to their

10

Complaint. Opp'n at 12. Based on the essential nature of their claims alone, it is clear the Eleventh Amendment does not bar these claims. The Court therefore DENIES judgment on these claims.

### III. ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated: March 19, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE